# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## CASE NO.

GABRIELA CORNEJO,

    Plaintiff,

v.

FORWARD VAN LINES, INC. a Florida
corporation, and
HAGAI MAMAN,

    Defendants.
_____/

## COMPLAINT

Plaintiff, GABRIELA CORNEJO, (herein referred to as "Plaintiff" or "CORNEJO"), by and through her undersigned attorney, hereby files this Complaint against FORWARD VAN LINES, INC. ("FVL"), and HAGAI MAMAN ("MAMAN") (collectively, "Defendants"), and says:

## JURISDICTION AND VENUE

1. This action is brought against the Defendants pursuant to 29 U.S.C. § 201, et seq. (hereinafter the "Fair Labor Standards Act", the "FLSA" or the "Act").

2. Jurisdiction is conferred upon this Court pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

3. Venue is proper in the Southern District of Florida because Plaintiff was employed by Defendants in this District; because Defendants, at all material times, conducted and continue to conduct business in the Southern District of Florida; because the acts that give

1

rise to Plaintiff's claims occurred within the Southern District of Florida; pursuant to 28 U.S.C. §§ 1391(b) and (c); and because Defendants are subject to personal jurisdiction herein.

4. Plaintiff says that all conditions precedent to the maintenance of this action have heretofore been performed or have been waived.

## PARTIES

5. Plaintiff CORNEJO is a resident of the Southern District of Florida. During all times relevant to this Complaint, Plaintiff CORNEJO was employed by FVL and MAMAN as a inside sales representative. Plaintiff was therefore an employee as defined by 29 U.S.C. § 203(e).

6. Defendant FVL is a corporation organized and existing under and by virtue of the laws of Florida and registered to do business within Florida. FVL has its principal place of business in Fort Lauderdale, Florida. Defendant FVL has, at all times material hereto, conducted substantial and continuous business within the Southern District of Florida, and is subject to the laws of the United States and the State of Florida.

7. Defendant MAMAN acted directly in the interest of FVL as an owner and president. Upon all available information, MAMAN created the schedules and method of pay. He also controlled the manner in which the CORNEJO performed her job.

8. Defendant FVL is an "employer" as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person. FVL is a van line company engaged in moving goods across interstate lines.

9. At all times material to this Complaint, Defendant FVL has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that

have been moved in or produced for commerce which as employees subject to the provisions of the FLSA, 29 U.S.C. § 207.

10. Defendants, upon knowledge and belief, have gross revenue which exceeds $500,000 for each of the past three (3) years and utilizes goods in the flow of commerce across state lines.

11. Defendants FVL and MAMAN were joint "employers" of Plaintiff as that term is defined under 29 U.S.C. § 203(d).

**GENERAL ALLEGATIONS**

12. Plaintiff is a non-exempt employee of Defendant and is subject to the payroll practices and procedures set forth hereinafter, and who worked in excess of forty (40) hours during one or more workweeks within three (3) years of the filing of this complaint.

13. At all times pertinent to this action, Defendants failed to comply with 29 U.S.C. §§ 201 – 219 in that Plaintiff performed services for Defendants for which no provision was made to properly pay for those hours worked over forty (40) in a given workweek.

14. Plaintiff worked for Defendants from May 2016 through the end of January 2017 (about 35 weeks). Plaintiff performed work as an inside sales representative. Plaintiff worked an average of about 50 hours per week throughout her employment which included some Saturdays, in addition to the regular Monday through Friday.

15. Plaintiff appears to have been compensated at a base rate of $10/hour. She was also paid a commission of 3% on every booking and 1% on flat rate sales. It is unclear how much money Plaintiff actually was paid for "commission," which would then increase Plaintiff's regular rate of pay.

16. Moreover, Defendants paid cash for the commissions, though generally the amounts paid were less than what was due.

17. Defendants deducted time for lunch even though Plaintiff frequently worked through her break.

18. Plaintiff is further owed commission for January 2017 which was not paid upon her termination

19. The Defendants maintained complete control over the hours Plaintiff worked and the pay she was to receive.

20. Plaintiff has retained the undersigned firm to prosecute this action on her behalf and has agreed to pay it a reasonable fee for its services.

21. Plaintiff is entitled to her reasonable attorneys' fees and costs if she is the prevailing party in this action.

### **COUNT ONE – VIOLATION OF FLSA / OVERTIME**
### **(AGAINST ALL DEFENDANTS)**

22. Plaintiff re-alleges and re-avers paragraphs 1–21 as though fully set forth herein.

23. Since the commencement of Plaintiff's employment, Defendants have willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing Plaintiff who was engaged in commerce for workweeks longer than forty (40) hours without compensating her for all hours worked in excess of forty (40) hours at a rate not less than one and one half times her regular rate.

24. Specifically, CORNEJO worked approximately 50 hours during each work week in which she was employed during the relevant time period, but was compensated at an hourly rate for only 40 regular hours, or less, each week between May 2016 and June 2017. She was

then compensated a base rate of $10 for her time, regardless of the hours Plaintiff worked, and without regard to commissions earned.

25. It is assumed, without access to all the relevant records which Plaintiff believes are in the possession, custody, or control of Defendants, that any salary paid to Plaintiff was to compensate her only for 40 hours of work per week. CORNEJO therefore claims she is owed time and one-half for all hours worked over 40 in a work-week.

26. Plaintiff was not exempted from the overtime provision of the Act pursuant to the provisions of the Act, 29 U.S.C. § 213(a), in that she was neither bona fide executive, administrative, or professional employees. Plaintiff was an inside sales representation making sales from a fixed location.

27. Defendants have knowingly and willfully failed to pay Plaintiff at time and one half of her regular rate of pay for all hours worked in excess of forty (40) per week during the relevant time period.

28. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

29. As a result of Defendants' willful violations of the Act, Plaintiff is entitled to liquidated damages.

30. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action from Defendant.

**WHEREFORE**, for workweeks within three (3) years of the filing of this Complaint, Plaintiff GABRIELA CORNEJO demands judgment for:

a) Overtime payment, wages, salary, lost benefits, and any other compensation denied or lost to Plaintiff by reason of Defendants' violation of the FLSA.

b) Interest on the amount found due;

c) Liquidated damages;

d) A jury trial on all issues so triable;

e) Assessment against Defendants of reasonable costs and reasonable attorney's fees of this action; and

f) Such other relief as the Court deems just and proper.

## **COUNT TWO– FLORIDA'S MINIMUM WAGE LAW (AGAINST ALL DEFENDANTS)**

31. Plaintiff re-alleges and re-avers paragraphs 1 – 21 as fully set forth herein.

32. This is an action for unpaid wages under Florida's Minimum Wage Law, pursuant to Florida Statute §448.10.

33. The Court has jurisdiction over this matter and venue is proper in this Court.

34. During the course of Plaintiff's employment with Defendants, Plaintiff worked hours for Defendants for which she was not compensated by Defendants. Specifically there were some weeks where Plaintiff was paid for fewer than 40 hours and most weeks, Plaintiff was paid for fewer hours than those actually worked. Plaintiff was also not paid for all the commissions owed.

35. Plaintiff made a written demand for her payments through a series of email correspondences with counsel for Defendants in February/March 2017. Defendants failed to make any payments in accord with that demand.

36. As a direct result of Defendants' failure to pay Plaintiff, she has been damaged in the way of not receiving wages due her for work she performed on behalf of Defendant.

**WHEREFORE**, Plaintiff GABRIELA CORNEJO requests judgment as follows:

a. Compensation to Plaintiff for unpaid wages, benefits, and other remuneration;

b. Liquidated damages;

c. Assessment against Defendants of reasonable costs and, pursuant to Florida Statutes, reasonable attorney's fees of this action; and

d. Such other and further relief as the court deems proper.

## JURY TRIAL DEMAND

Plaintiff GABRIELA CORNEJO hereby demands a trial by jury on all issues contained herein so triable as a matter of right.

Dated: May 16, 2017

        **EISS MASSILLON, P.L.**
        Attorneys for Plaintiff
        7951 SW 6th Street, Suite 308
        Plantation, Florida 33324
        (954) 914-7890 (Telephone)
        (855) 423-5298 (Facsimile)

By: **/s/ Charles Eiss**
     CHARLES M. EISS, Esq.
     Fla. Bar #612073
     Chuck@eissmassillon.com
     LINDSAY M. MASSILLON, Esq.
     Fla. Bar #92098
     Lindsay@eissmassillon.com